# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-418-RJC

| | |
|---|---|
| CHARLES NATHANIEL CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROY COOPER, Attorney General of North ) | |
| Carolina, MECKLENBURG SUPERIOR ) | |
| COURT JUDGE, MECKLENBURG ) | |
| SUPERIOR COURT MAGISTRATE ) | |
| JUDGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A. On July 11, 2012, Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application To Proceed In Forma Pauperis, (Doc. No. 1-1). For the reasons explained below, the Court dismisses Plaintiff's Complaint sua sponte as frivolous.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on July 11, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants North Carolina Attorney General Roy Cooper, "Mecklenburg Superior Court Judge," and "Mecklenburg Superior Court Magistrate Judge." See (Doc. No. 1). Plaintiff alleges the following in his Statement of Claim:

> (1) Complaint for specific relief performance (FACTS) On or about January 15, 2004, Plaintiff and Defendant entered into an agreement in writing, a copy of which is in plaintiff's court file, registered number –7009 3410 0000 7707 1600 as Exhibit A. (2) In accord with the provisions of said agreement plaintiff tendered to defendant the purchase price and requested a conveyance of the Bond's release; defendants accepted the tender to the defendant the purchase price and requested a conveyance of the Bond's release; defendants accepted the tender but refused to make the conveyance of the Bond's release, (3) Plaintiff

> now is seeking release of Bond, (4) and fleash [sic] and blood beneficiary from custody (5) where upon defendants breathed the common-law copyright contract of Plaintiffs Trademark, Tradename CHARLES NATHANIEL CARSON after notice had been given on 11–9-11. A copy which is registered under the Number – 7009 3410 0000 7707 1600 on Plaintiff's Court file. Exhibit A. Defendants state that they would not answer or file my claim see court file letter Exhibit B.

(Doc. No. 1 at 3). In terms of relief, Plaintiff seeks, among other things, that Defendants "be required specifically to perform said agreement in the Release order and the common law copyright contract security agreement." (Id.).

The Court first considers Plaintiff's motion to proceed in forma pauperis ("IFP"). In support of such motion, Plaintiff has submitted an IFP application, in which he attests that he has no money and no income. The Court is satisfied that Plaintiff does not have sufficient resources with which to pay the filing fee for this matter. Therefore, Plaintiff's IFP motion will be granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Plaintiff's Complaint is frivolous, as his Complaint is completely unintelligible.[1] The Court therefore dismisses the Complaint is its entirety.

**IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 1-1), is **GRANTED**.

(2)  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Clerk is directed to close the case.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] The website for the agency formally known as the North Carolina Department of Correction indicates that Plaintiff was convicted on September 29, 2004, of First Degree Burglary and was sentenced to a minimum of nine (9) years, eight (8) months imprisonment. The Court further notes that Plaintiff very recently filed another action in this Court on a form used for habeas petitions pursuant to 28 U.S.C. § 2254. This Court dismissed the petition as untimely and, alternatively, for failure to state a claim. See Carson v. State, Order, 3:12cv390, Doc. No. 3 (W.D.N.C. July 3, 2012).